UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 12-0121-DOC (ANx)                                    Date:  April 24, 2012

Title: MERYL OVERTON V. CVS CAREMARK CORPORATION, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDING (IN CHAMBERS):** SUA SPONTE REMAND

The Court sua sponte REMANDS this case to the Superior Court of Orange County, California.

**I.     Background**

Plaintiff Meryl Overton ("Plaintiff"), on behalf of herself and all others similarly situated (collectively "Plaintiffs"), alleges that she bought a bottle of CVS Gold Emblem Pure & Natural Honey ("CVS Honey") at one of CVS Caremark Corporation's ("CVS Caremark") stores in Fountain Valley, California.  Compl. ¶ 7.  Plaintiff seeks to represent a class of California citizens who purchased the same product from any of the Defendant's stores located in the State of California, at any time from January 1, 2010, through the present ("Class Period").  *Id.* at ¶ 2.

On December 01, 2011, Plaintiff filed suit against Defendant CVS Caremark ("Defendant") in Orange County Superior Court, alleging exclusively state law claims: (1) violations of the California Consumers Remedies Act for injunctive relief; (2) violations of California Unfair Competition Law; (3) violations of California False Advertising Law; (4) breach of implied contract; and (5) violation of the Song Beverly Consumer Warranty Act.  *Id.* at ¶ 9-14.  On January 26, 2012, Defendant removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA").  (Dkt. 1).  Plaintiff filed the instant Motion for Remand on February 24, 2012, arguing that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0121-DOC (ANx)                            Date: April 24, 2012
                                                                                                       Page 2

Defendant has not proven that the amount in controversy exceeds $5,000,000 as required by CAFA. Motion to Remand 1-2.

       Defendant argues that the actual damages, attorney's fees, punitive damages and injunctive relief prayed for in Plaintiff's Complaint total an amount of controversy over $5,000,000, thereby satisfying CAFA's amount in controversy requirement. Opp'n 1-2. Defendant estimates that the actual damages, attorney's fees, and punitive damages equal a total $1,145,239. Opp'n 9. Defendant argues that the gap between CAFA's amount in controversy requirement and the total damages requested by Plaintiff is bridged by the compliance costs Defendant will incur when complying with the injunctive relief requested by Plaintiff, which will permanently bar Defendant from selling CVS Honey in the future. Opp'n 10.

       In making this assertion, Defendant relies on the declaration of Grant Pill, the Vice President of Merchandising and Store Brands for CVS Pharmacy, Inc. ("CVS Pharmacy"), a wholly owned subsidiary of Defendant. *Id.*; (Pill Decl., Dkt. 1 Ex. B). Pill provides that between Fiscal Week 1 for 2010 and Fiscal Week 2 for 2012, CVS Pharmacy sold 92,731 units of 12 oz. CVS Honey for a per unit price of $4.29. Pill Decl. at ¶ 4. Pill further provides that between Fiscal Week 13 for 2011 and Fiscal Week 2 for 2012, CVS Pharmacy sold 15,905 units of 24 oz. CVS Honey for a per unit price of $6.99. Pill Decl. at ¶ 7. Based on the sales of these two products, Pill calculates that between Fiscal Week 1 of 2010 and Fiscal Week 2 of 2012, CVS Pharmacy sold 108,636 units of CVS honey for an approximate total of $508, 995. Pill Decl. at ¶ 8.

       Defendant argues that according to Pill's declaration, the injunction requested in Plaintiff's Complaint, which will permanently bar it from selling CVS Honey, will cost Defendant sales of $508,995 every two years. Opp'n 10. Based on this assumption, Defendant argues that the costs it will incur for complying with the injunction will satisfy the $5,000,000 threshold within fifteen years. *Id.*

       On February 24, 20212, Plaintiff filed a Motion to Remand to Superior Court of California, (Dkt. 12), which Defendant opposed. The Court drafted an order based on this motion but did not issue the order in light of a notice of multi-district litigation regarding similar allegations to the ones Plaintiff brought. On April 12, 2012, Plaintiff withdrew the motion to remand. *See* Notice of Withdrawal (Dkt. 24).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0121-DOC (ANx)                  Date: April 24, 2012
                                                                                              Page 3

Shortly thereafter, the Court received notice that this case would be subject to a motion to transfer to a multi-district litigation panel (MDL No. 2374). That notice also stated that this Court retained the power to determine its own jurisdiction pending the decision by the MDL panel regarding transfer. Accordingly, the Court concluded that it was appropriate to issue this remand order.

## II.    Legal Standard

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Removal of state actions is allowed only if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441. The party seeking removal bears the burden of establishing federal jurisdiction. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). Furthermore, courts construe the removal statute strictly against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See id.*

Pursuant to the Class Action Fairness Act ("CAFA"), federal diversity jurisdiction is established in an action where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which– (A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d).

When remand is requested on the basis of a failure to satisfy the amount in controversy requirement, there is a "strong presumption" that plaintiff has not claimed an amount sufficient to confer jurisdiction. *Gaus*, 980 F.2d at 566. In cases where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy requirement has been met. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (finding that defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the federal jurisdictional threshold). To meet this burden, the removing party must provide "underlying facts supporting its assertion"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0121-DOC (ANx)                                  Date: April 24, 2012
                                                                 Page 4

that the amount in controversy exceeds the statutory requirement. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Gaus*, 980 F.2d at 567). Such underlying facts may be found in affidavits, declarations, and other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal . . . ." *Id.* at 1205.

### III.   Defendant Does Not Prove By A Preponderance Of The Evidence That The Amount In Controversy Exceeds $ 5,000,000.

Under CAFA, the total relief sought by all class members is aggregated for purposes of evaluating the $5,000,000 threshold. 28 U.S.C. § 1332(d)(6). "[T]he value of injunctive relief is determined by calculating the defendant's costs of compliance: where the value of a plaintiff's potential recovery is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *Rodgers v. Cent. Locating Serv.*, 412 F. Supp. 2d 1171, 1179-80 (W.D. Wash. 2006) (citation omitted).

The Court rejects Defendant's argument, that its costs of complying with Plaintiff's requested injunction will surpass CAFA's amount in controversy requirement, because it is based on unfounded speculation and assumptions.[1] Defendant assumes without providing any support that it will continue to have CVS Honey sales of $508,995 every two years for the next fifteen years. Furthermore, Defendant assumes without providing any evidence that it sells CVS Honey without, apparently, incurring any costs that reduce its net profit. Equally valid assumptions can be made, which would contradict Defendant's assertions. Because it is at least equally possible that Defendant will and will not make a profit of $508, 995 from CVS Honey sales every two years, Defendant has not met its burden by a preponderance of the evidence. The Court cannot base jurisdiction on Defendant's speculation. *See Rodgers*, 412 F. Supp. 2d at 1180 (holding that Defendant failed to meet its burden of establishing that an injunction against

---

[1] Defendant CVC Caremark has since been dismissed and replaced by Defendants CVS Pharmacy Inc, Garfield Beach LLC. *See* First Amended Complaint (Dkt. 27). The Court nonetheless refers to arguments made by Defendant CVS Caremark in opposition to Plaintiff's motion to remand because it is the removing defendant's burden to establish jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0121-DOC (ANx)　　　　　　　　　　　　Date: April 24, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

its pay practices would result in compliance costs exceeding $876,000, and thus meeting CAFA's amount in controversy requirement, because Defendant merely relied on tenuous assumptions to support its contention).

　　　Because Defendant fails to provide adequate evidence supporting its assumptions, the Court finds Defendant's calculations unsupported and rejects Defendant's argument.

### IV.　Disposition

　　　For the foregoing reasons, the Court sua sponte remands this case based on lack of subject matter jurisdiction under 28 U.S.C.S. 1332. The Court therefore ORDERS that this case be REMANDED to Judge Ronald L. Bauer at the Orange County Superior Court.

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: jcb